FILED - CLERK
U.S. DISTRICT COURT
05 MAY 12 PM 1:21
TX EASTERN - BEAUMONT
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHEN CAREY | § | |
| v. | § | CIVIL ACTION NO. 9:05cv62 |
| PATRICIA SESSIONS, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Stephen Carey, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Carey complained that he was unable to purchase stamps or commissary items in September of 2003. He also referred to "sex action in the lunch room" in the early part of 2004, but fails to offer any factual details regarding this allegation.

On March 23, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Carey has been repeatedly sanctioned by the federal courts and that court records indicate that he has filed at least three lawsuits which have been dismissed as frivolous or for failure to state a claim. *See* Carey v. TDC Director, civil action no. 4:92cv3030 (S.D.Tex., dismissed October 22, 1992, sanctioned $50.00, and barred from filing any more lawsuits without permission from the Court); Carey v. TDCJ, civil action no. 4:91cv3863 (S.D.Tex., dismissed March 2, 1992); Carey v. TDCJ, civil action no. 6:92cv258 (E.D.Tex., dismissed as frivolous March 2, 1993); Carey v. TDCJ-ID, civil action no. 4:92cv409 (S.D.Tex.,

dismissed as frivolous February 25, 1992, sanctioned $30.00, and barred from filing any more lawsuits until the sanction is paid and affidavit is filed to that effect with the Clerk).

The Magistrate Judge observed that the Eastern District of Texas honors sanctions imposed by other federal district courts within the State of Texas. *See* General Order No. 94-6 (E.D.Tex., February 3, 1994). In this case, Carey did not show that these sanctions have been satisfied, nor has he secured permission from a judge to file the present lawsuit. The Magistrate Judge therefore recommended that the lawsuit be dismissed without prejudice subject to the satisfaction of the sanctions, but noted that should Carey satisfy the sanctions and refile his lawsuit, he could still be subject to the "three strikes" bar of 28 U.S.C. §1915(g).

Carey received a copy of the Magistrate Judge's Report on March 24, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has examined the Report of the Magistrate Judge and the pleadings in the cause, and has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* is hereby DENIED. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED without prejudice because it was filed without satisfying sanctions previously imposed upon him or securing special permission from a judge of this Court. Should Carey satisfy the sanctions imposed upon him by the Southern District of Texas, he may refile his lawsuit, but such refiling will continue to be subject to the provisions of 28 U.S.C. §1915(g) in the event that Carey has had lawsuits

dismissed as frivolous or for failure to state a claim upon which relief may be granted on at least three prior occasions. Finally, it is

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

SIGNED this 12 day of May, 2005.

THAD HEARTFIELD
UNITED STATES DISTRICT JUDGE